FILED

2005 JUL 29 AM 9:58

CLERK, US DISTRICT COURT
OCALA, FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. TODD,<br>MICHAEL J. TODD, AND<br>WILLS TRANSPORT, INC.,<br><br>Defendants. | Civil Action No._____<br>5:05-CV-343-0C-10GRJ |

## COMPLAINT

The plaintiff, United States of America, by and through its undersigned counsel, complains and alleges as follows:

1. This action is commenced at the direction of the Attorney General of the United States with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, pursuant to Section 7401 of the Internal Revenue Code (26 U.S.C.).

2. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1340 and 1345, and I.R.C. §§ 7402 and 7403.

3. Venue in the Middle District of Florida is appropriate pursuant to 28 U.S.C. §1396.

Defendants

4. The defendant John W. Todd, upon information and belief, resides at 300 S.E. 48th Avenue, Ocala, Florida, within the jurisdiction of this Court.

5. The defendant Michael J. Todd, whose last known address is 223 Tamarack Way, Brunswick, Maryland, is subject to the jurisdiction of this Court as a person who claims or may claim an interest in the property that is the subject of this civil action.

6. The defendant Wills Transport, Inc., for which the last known address is P.O. Box 2522, Ocala, Florida, is subject to the jurisdiction of this Court as an entity which claims or may claim an interest in the property that is the subject of this civil action.

Tax Liabilities

7. A delegate of the Secretary of the Treasury made assessments against, and gave notice and demand to, defendant John W. Todd for unpaid federal income tax liabilities (Forms 1040) in the amounts and for the tax periods described below:

| Tax Year | Date of Assessment | Amount of Tax Assessed | Amount of Interest Assessed | Amount of Penalties Assessed | Balance of Assessments* |
|---|---|---|---|---|---|
| 1996 | 8/14/2000 | $47,467.00 | $10,515.61 | $13,113.25 | $71,095.86 |
| 1997 | 8/14/2000 | $64,499.00 | $16,326.25 | $26,992.88 | $107,818.13 |

*Plus interest and statutory additions thereon as provided by law from the dates of assessment, less any payments or credits.

8. The defendant John W. Todd has neglected and refused to pay the amount of the income tax liabilities assessed against him for the years 1996 and 1997 and there is due and owing to the United States the total amount of $217,515.53 as of March 15, 2005, less later credits and payments, plus further interest and statutory additions as allowed by law from the dates of notice and demand.

9. Pursuant to I.R.C. §§ 6321 and 6322, federal tax liens arose upon assessment and nonpayment by the defendant John W. Todd of the tax liabilities described in the paragraphs above and have attached to all property and rights to property of the defendant John W. Todd including the parcel of real property that is the subject of this civil action.

10. On May 31, 2002, a Notice of Federal Tax Lien was filed with the Clerk of the Circuit Court, Marion County, Florida, with respect to the federal income tax liabilities for the years 1996 and 1997, as set forth in the paragraphs above.

Subject Real Property

11. On June 15, 2000, defendant Michael J. Todd, son of defendant John W. Todd, acquired via a warranty deed residential real property located at 300 SE 48th Avenue, Ocala, Florida, which is more specifically described as follows:

> Lot 2, Block B, of Fort King Forest, according to plat thereof as recorded in Plat Book G, pages 110 and 110A, of the public records of Marion County, Florida.

12. On June 15, 2000, defendant Michael J. Todd executed a purchase money mortgage on the above mentioned property in favor of Wills Transport, Inc.

13. Upon information and belief, Defendant John W. Todd is the owner of Wills Transport, Inc., an inactive corporation.

14. Upon information and belief, defendant Michael J. Todd does not have sufficient income to pay the mortgage on the above-described property.

15. Upon information and belief, the funds used to purchase the above-described property belonged to defendant John W. Todd.

16. Upon information and belief, defendant John W. Todd has provided funds for the payment of the property taxes of the above-described property.

17. Upon information and belief, defendant John W. Todd and his mother, Ivy Todd, reside in the subject property and have enjoyed and continue to enjoy the benefits of the subject property held in the name of defendant Michael J. Todd.

18. Upon information and belief, defendant Michael J. Todd is a resident of the state of Maryland and has never resided at 300 SE 48th Avenue, Ocala, Florida, or otherwise enjoyed the benefits of the subject property.

19. On April 22, 2003, a Notice of Federal Tax Lien was filed against defendant Michael J. Todd as nominee or alter ego of defendant John W. Todd with respect to the property described in paragraph 11 above.

WHEREFORE, the United States of America prays as follows:

a. That this Court award judgment that the defendant John W. Todd is indebted to the United States for unpaid federal income taxes for the years 1996 and 1997 in the amount of $217,515.53 as of March 15, 2005, less later credits and payments, plus

interest and statutory additions thereon as allowed by law from the dates of notice and demand.

     b.    That this Court determine that the United States has valid and subsisting federal tax liens that attach to all property and rights to property of defendant John W. Todd.

     c.    That this Court determine and decree that defendant Michael J. Todd holds title to the subject property as nominee for defendant John W. Todd, and that defendant John W. Todd is the true and equitable owner of the subject property.

     d.    That all claims to, and liens upon the real property described in paragraph 11 above be fully determined and adjudicated by this Court.

     e.    That this Court order the foreclosure of the United States' federal tax liens against the subject property described in paragraph 11 above.

     f.    That this Court order that said real property be sold in accordance with the law and practice of this Court, and that the proceeds of the sale be distributed in accordance with the findings of this Court and the rights of the United States and the other defendants to this action.

g. That the United States be granted its costs in this action, and for such other and further relief as justice requires.

> PAUL I. PEREZ
> United States Attorney
>
> /s/ Steven D. Grimberg
>
> STEVEN D. GRIMBERG
> Trial Counsel
> Florida Bar No. 0173940
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 14198
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 514-5892
> Facsimile: (202) 514-9868
> Email: Steven.D.Grimberg@usdoj.gov